## STAPLETON v. MACOMB CIRCUIT JUDGE.

EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—APPEAL—RIGHT.
The general provisions of the laws regulating procedure in the probate courts do not apply to special proceedings for the condemnation of land, whence there is no right to a dilatory appeal to the circuit court in such a case under section 674, 1 Comp. Laws.

Mandamus by William J. Stapleton to compel Byron R. Erskine, circuit judge of Macomb county, to vacate an order denying an appeal from the probate court. Submitted December 10, 1907. (Calendar No. 22,595.) Writ denied February 15, 1908.

*William T. Kelly*, for relator.
*Seth W. Knight*, for respondent.

BLAIR, J.   The city of Mt. Clemens, incorporated
under Act No. 215 of the Public Acts of 1895, instituted
proceedings in the probate court under chapter 25 of said
act, as amended by Act No. 136 of the Public Acts of
1899, for the widening of Highland avenue in said city.
The jury impaneled in the proceedings determined there
was a necessity for widening said avenue and for taking
relator's land therefor and awarded relator $275 as com-
pensation for his lands so taken.   The verdict of the jury
was rendered on the 21st day of June, 1907, and was duly
confirmed on the 15th day of July, 1907.   Section 15 of
said chapter 25 provides that:

"Any party aggrieved by the judgment of confirmation
hereinbefore mentioned, may, within ten days after the
entry thereof, appeal therefrom to the circuit court of the
county, by filing with the probate court a claim of
appeal," etc.

Section 12 of said chapter 25 provides that:

"Any such judgment of confirmation shall be final and
conclusive as to all parties not appealing therefrom within
the time hereinafter provided."

On the 27th day of August, 1907, relator filed in the
circuit court a petition for leave to appeal from said judg-
ment of confirmation, in accordance with the provisions
of section 674, 1 Comp. Laws, authorizing the circuit
court to allow appeals from the acts of the probate judge
where the person aggrieved thereby has omitted to claim
an appeal without default on his part.   The circuit court
denied the petition and such denial is the basis of the ap-
plication to this court for the writ of mandamus.

The claim of relator is stated by counsel in his brief, as
follows:

"By the amendment of 1899, above referred to, juris-
diction in these cases was given to the probate courts and
it is the claim of relator that section 674 of general pro-
bate law controls in street opening cases and has same
effect as other sections of general probate law."

The application of the general provisions of the laws regulating procedure in the probate courts to special proceedings for the condemnation of land was denied by this court in the case of *United States Gypsum Co.* v. *Kent Circuit Judge,* 150 Mich. 668.

Writ denied.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.