BOARD OF ROAD COMMISSIONERS OF OAKLAND COUNTY
*v.* PITTMANS & DEAN CO.

1. EMINENT DOMAIN—CERTIORARI—CONDEMNATION FOR HIGHWAY—STATUTES—APPEALS FROM PROBATE COURT.

Certiorari is the proper remedy to review condemnation proceedings for highway purposes under Act No. 283, Pub. Acts 1909 (1 Comp. Laws 1915, § 4287 *et seq.*), said act not providing for review, and section 14145, 3 Comp. Laws 1915, providing for appeals from probate court to the circuit court in all cases not specifically prohibited by statute, which is substantially a re-enactment of section 669, 1 Comp. Laws, as amended, being inapplicable to review such proceedings.

2. SAME—NECESSITY—FINDING OF COMMISSIONERS.

    In such proceedings, failure of the commissioners to find
    that the proposed road was a necessity, as required by the
    statute, was a fatal omission. MOORE, J., dissenting.

Certiorari to Oakland probate court; Rockwell, J.
Submitted April 4, 1918. (Docket No. 31.) Decided
June 3, 1918.

Condemnation proceedings by the board of road
commissioners of Oakland county against Pittmans &
Dean Company for a strip of land for road purposes.
From an order confirming the award of the commis-
sioners, defendant brings certiorari. Reversed.

*Elmer R. & Charles P. Webster,* for appellant.

*Glenn C. Gillespie* and *A. Floyd Blakeslee,* for
appellee.

BIRD, J. In April, 1916, the county of Oakland voted
to raise a million dollars for the construction of cer-
tain highways. Among those to be constructed was
its portion of what is known as the "Saginaw Turn-
pike" extending from Detroit to the city of Saginaw,
provision having been made therefor by Act No. 334,
Pub. Acts 1913 (1 Comp. Laws 1915, § 4851 *et seq.*).
That portion of the road lying between Parshalls
crossing and Drayton Plains, a distance of about three-
quarters of a mile, is not yet constructed. This strip
extends along the right of way of the Detroit, Grand
Haven & Milwaukee Railway and crosses the railway
twice within that distance. For the purpose of elimi-
nating these two grade crossings two parcels of land
were purchased by the county road commissioners
north of the railroad and an attempt was made to pur-
chase the remaining parcel of defendant company in
order to carry the highway on the north side of the
railway. Being unable to agree with defendant for its

202—Mich.—3.

3.07 acres of land the county road commissioners filed a petition in the probate court to condemn it, under the authority of Act No. 283, Pub. Acts 1909 (1 Comp. Laws 1915, § 4287 *et seq.*). Three commissioners were appointed by the probate judge in response to the petition, and after an inspection of the premises, and a hearing as to the necessity and value, they made the following report:

"That we find that it is necessary that said parcel of land described in said petition, filed herein and hereinbefore described, owned by said Pittmans & Dean Company, is necessary to be taken for highway purposes as prayed for in said petition and for road purposes by said board of county road commissioners of Oakland county, and further, as therein described, that we assess the damages to be paid by said board of county road commissioners of Oakland county to the said Pittmans & Dean Company, as compensation for the taking of said parcel of land described in said petition, at the sum of fifteen hundred ($1,500) dollars."

This report was subsequently confirmed by the court. Defendant's officers feeling aggrieved at this finding asked for and obtained a writ of certiorari from this court to review the proceeding.

1. At the outset plaintiff questions the remedy chosen by defendant to review the proceedings in this court. The contention is that inasmuch as Act No. 283, Pub. Acts of 1909, makes no provision for a review of such proceedings either in the circuit court or in this court it is controlled by section 14145, 3 Comp. Laws 1915, which provides that:

"In all cases not specifically prohibited by statute, any person aggrieved by any order, sentence, decree or denial of the judge of probate, may appeal therefrom to the circuit court for the same county," etc.

Defendant's answer to this point is that the foregoing provision is substantially a re-enactment of section 669, 1 Comp. Laws, as amended by Act No. 238,

Pub. Acts 1911, which has been in existence for many years, and has been held by this court, on several occasions, to be inapplicable to special proceedings to condemn land; that no material change having been made in this provision when it was inserted in the judicature act, it should receive the same construction as did the previous one, in the following cases: *United States Gypsum Co.* v. *Kent Circuit Judge,* 150 Mich. 668; *Stapleton* v. *Macomb Circuit Judge,* 151 Mich. 210; *Hartz* v. *Wayne Circuit Judge,* 164 Mich. 231.

We think counsels' view that the provision is not applicable to this proceeding is the proper one. The act having failed to provide for a review in proceedings under it, it is reviewable by writ of certiorari.

2. It is argued that the award is invalid and ought to be set aside for constitutional and statutory reasons. The important statutory objection assigned is that the provisions of the law were not observed in that the report of the commissioners does not show that they passed upon the necessity of the proposed road. The statute in this respect requires that:

"On the day of hearing, the court shall hear the parties and appoint three disinterested persons commissioners, * * * whose duty it shall be to determine the necessity of such proposed road and the necessity for taking each parcel of land described in the petition therefor, and if they shall decide that it is necessary, then to appraise the damages to be paid as compensation for the taking of each such parcel therefor * * *." 1 Comp. Laws 1915, § 4359.

It will be noted that this provision of the law requires a finding (*a*) That the proposed road is necessary; (*b*) that the taking of each parcel of land is necessary; (*c*) that if found necessary then damages shall be assessed. An examination of the report, *supra,* does not show that proposition (*a*) was given any consideration by the commissioners. The report fails to show, except by inference, what their views

were as to the necessity for the proposed road. Their findings, therefore, mean no more than this: Assuming the proposed road to be necessary we find it is necessary to take defendant's land therefor and we find its value to be $1,500. This entirely overlooks one essential requirement of the statute. Before defendant can be deprived of its property under this statute its provisions must be strictly complied with and it must affirmatively appear that the proposed improvement is a necessary one. In proceedings of this character this court has always demanded a strict compliance with the mode of procedure marked out by the legislature. The observations made by Mr. Justice GRAVES in a similar case are apropos here:

"The rule is well settled that in all cases where the property of individuals is sought to be condemned for the public use by adverse proceedings, the laws which regulate such proceedings must be strictly followed, and especially that every jurisdictional step and every requirement, shaped to guard the rights and interests of parties whose property is meant to be taken, must be observed with much exactness." *Detroit Sharpshooters' Ass'n* v. *The Highway Com'rs of Hamtramck,* 34 Mich. 36.

We think the failure of the commissioners to find that the proposed road was a necessity is an omission fatal to the proceedings. Having determined that the award is invalid on statutory grounds, it will be unnecessary to consider the constitutional objections raised by counsel.

The award is reversed.

OSTRANDER, C. J., and STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred with BIRD, J.

MOORE, J. I think the award was a substantial compliance with the statute and that the award should be affirmed.