*In re* WIDENING HARPER AVENUE.

1. EMINENT DOMAIN — DETROIT CHARTER — STATUTES — JURY DETERMINES LAW AND FACTS.

Under section 7, chap. 1, tit. 8, of Detroit city charter, which is in effect verbatim with the general law, 1 Comp. Laws 1915, § 3382, in condemnation proceedings in the recorder's court, the jury must determine the law and the facts, and the judge acts in an advisory capacity only.

2. SAME—PROPERTY DAMAGE.

Where the amount awarded for property damage, in condemnation proceedings, is between the maximum and minimum amounts testified to by the witnesses for the parties, and no ground for disturbing it is shown, it is affirmed by the Supreme Court.

3. SAME—BUSINESS DAMAGE UNCERTAIN AND SPECULATIVE.

In condemnation proceedings the jury is not necessarily required to accept the conclusions of the owners of the property in regard to the business damage, although no direct evidence to the contrary be put in; said damage

[1]Eminent Domain, 20 C. J. §§ 407, 408; [2]Id., 20 C. J. § 488; [3]Id., 20 C. J. § 390.

being necessarily of such uncertain and speculative character the maximum and minimum amounts testified to are not controlling.

4. SAME—FINDING OF NECESSITY SUFFICIENT IN FORM.
The finding of the jury "that it is necessary to take the private property described in the petition in this cause for the use and benefit of the public, for the proposed public improvement," which is in conformity with the city charter and the general statute (1 Comp. Laws 1915, § 3384), is a sufficient finding of necessity for the public improvement for which the petitioner seeks condemnation of the particular property.

Error to recorder's court of Detroit; Jeffries (Edward J.), J.     Submitted October 21, 1926.     (Docket No. 78.)     Decided April 1, 1927.

Condemnation proceedings by the city of Detroit against Stanley Kurczewski and others.     Judgment for plaintiff.     Defendants bring error.     Affirmed.

*Monaghan, Crowley, Reilley & Kellogg,* for appellants.

*Charles P. O'Neil,* Corporation Counsel, and *James H. Lee,* Assistant Corporation Counsel), for appellee.

SNOW, J.     Condemnation proceedings were had in the recorder's court for the city of Detroit, in pursuance of its charter, to acquire the right to take several parcels of private property for public use in the widening of Harper avenue from Van Dyke avenue to Cadieux avenue in said city.     Stanley and Katherine Kurczewski, for parcel No. 2, were awarded by the jury for property damage $20,879.58, and for business damage $575, making a total of $21,454.58. Stephen and Agnes Sosnowski, for parcel No. 13, were awarded by the jury for damage to business property $33,532, and for damage to business, $809, making a

⁴Eminent Domain, 20 C. J. § 385.

total of $34,341.    Kazimira Sadlowski, for parcel No. 23, was awarded for property damage $34,489, business damage $1,808, making a total of $36,297.    Each of the foregoing owners has appealed.

1. It is first contended by counsel for appellants that the judge of the recorder's court should not have said to the jury that his instructions to them were purely advisory and that they were the judges of the law and facts; that in the city of Detroit the judge. should be judge of the law and the jury governed by his instructions, citing section seven of chapter one of title eight of the charter as follows:

"The jury shall hear the proofs and allegations of the parties, and if so ordered by the court shall go to the place of the intended improvement, in charge of an officer, and upon or as near as practicable to any property proposed to be taken, and examine the premises. It shall be instructed as to its duties and the law of the case by the judge of the court, and shall retire under charge of an officer, and render its verdict in the same manner as on the trial of an ordinary civil case, but the same shall be in writing, and shall be signed by the foreman of or by all the jurors."

Justice STEERE, in *Chicago, etc., R. Co. v. Jacobs,* 225 Mich. at page 685, speaking for this court, said:

"The jury in condemnation proceedings is a jury of inquest authorized to act as judges of the law and facts, with the judge attending only in an advisory capacity. At such inquest large discretion is given the jury in taking testimony and other particulars, which does not bind them to the strict rule of evidence and technicalities of trial in *nisi prius* courts;" citing number of authorities.

The subject is well reviewed and many authorities referred to in *City of Detroit v. Fidelity Realty Co.,* 213 Mich. 448. · See, also, *Village of Paw Paw v. Flook,* 214 Mich. 486.

The section of the city charter above referred to is in effect verbatim with section 3382, 1 Comp. Laws

1915, the general law of the State relative to condemnation procedure before juries.    Our attention is called to no other provision of the charter bearing upon the question.    But in any event we have no disposition to make exception to the procedure in condemnation cases having to do with cities.    Such proceedings must likewise be regarded, not as "a contest of litigious rights," but in the nature of an appraisal of values, which should and always has been determined by juries, appraisers, or some other "unjudicial body." *Toledo, etc., R. Co.* v. *Dunlap,* 47 Mich. 462.

Juries, under the city's charter, must determine the law and the facts, and the judge was right in his position that he was acting in an advisory capacity only.

2. Complaint is made that the awards made by the jury were insufficient in amount as to all items, and especially with reference to that of business damage. The evidence on the item of property damage, on all the various parcels, is conflicting, but the record shows that each award was between the maximum and minimum amounts as testified to by the various witnesses sworn by the city and by the appellants.    We find no ground for disturbing these awards.

On the item of business damage, the recorder gave full and complete instructions to the jury, in the language requested by appellants, as to their right and duty to allow the same, which right to such damage was conceded by counsel for the city, as was also the correctness of the instructions.    No testimony was offered by the city on this item of damage on any of the parcels, but considering its necessarily speculative character, counsel had the right to rest content with the cross-examination of the owners' witnesses.

But the jury was not necessarily required to accept the conclusions of the owners in this regard, even though there was no direct evidence to the contrary.

Many things might happen subsequent to the taking of the property to affect business loss, thereby making a present determination most uncertain; and it is because of such uncertainty that the minimum and maximum amount disclosed by the evidence is not controlling, as it is in the determination of the value of the land and buildings. See *City of Detroit* v. *Robinson,* 93 Mich. 426.

3. The verdict roll, signed by the jury, contained the following:

"We find that it is necessary to take the private property described in the petition in this cause for the use and benefit of the public, for the proposed public improvement."

Counsel for appellants contend this does not amount to a finding of necessity for the public improvement for which the petitioner seeks condemnation of their property, relying upon *Board of Road Com'rs of Oakland Co.* v. *Pittmans & Dean Co.,* 202 Mich. 32.

The general statute (1 Comp. Laws 1915, § 3384) and also the charter of the city of Detroit provide the form which may be submitted to the jury and used by them. Such provisions are identical with the one quoted above and used in the instant case.

The proceedings in the *Road Commissioners Case, supra,* were by virtue of a different statute, containing no such form for use by the jury. Act 283, Pub. Acts 1909 (1 Comp. Laws 1915, § 4287 *et seq.*).

The finding of necessity for the improvement was, in our opinion, sufficient and in compliance with law.

No other questions of merit are raised.

The verdict of the jury is affirmed, and the appeals dismissed, with costs to the city.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred. WIEST, J., concurred in the result.