*In re* WIDENING WOODWARD AVENUE.

APPEAL OF DEMERY & CO.

EMINENT DOMAIN—DAMAGES—INSUFFICIENT AWARD.

Award of only six cents for damage to business and six cents for damage to fixtures, in condemnation proceedings in which part of plaintiff's store building was taken, requiring readjustment of its fixtures and necessarily resulting in interruption of its business for a time, is reversed, on appeal, where it is apparent that jury wholly disregarded plaintiff's testimony as to damage to fixtures, although it was definite, not necessarily speculative, and was not rebutted.

Appeal from Recorder's Court of Detroit; Kilpatrick (Arthur W.), J. Submitted June 21, 1933. (Docket No. 117, Calendar No. 37,326.) Decided August 29, 1933.

Condemnation proceedings by City of Detroit, a municipal corporation, against Demery & Company, a Michigan corporation, and others. From order confirming nominal verdict and denying new trial, defendant Demery & Company appeals. Reversed, and new trial granted.

*Monaghan, Crowley, Reilley & Kellogg,* for appellant.

*Raymond J. Kelly,* Corporation Counsel, and *James H. Lee,* Assistant Corporation Counsel, for appellee.

FEAD, J. This is certiorari to review an award of six cents for damages to business and six cents for damages to fixtures in a condemnation proceeding for the widening of Woodward avenue in Detroit.

Plaintiff had a fairly large department store. It leased the building, the front part of which was taken, requiring readjustment of plaintiff's fixtures and necessarily resulting in interruption of its business for a time.

Defendant introduced no testimony rebutting that offered by plaintiff on its claim of damage of $109,000. Some of the claim was within the ruling in *Re Widening Harper Avenue,* 237 Mich. 684, as being so necessarily speculative in character that the city need not introduce testimony but could rely upon its cross-examination of plaintiff's witnesses, and the jury was not bound by the testimony of minimum and maximum estimates in fixing com-

pensation. On the other hand, damage to fixtures was capable of quite accurate estimate and computation. Plaintiff's testimony thereon was definite and not necessarily speculative. The award shows that the jury wholly disregarded such testimony and found its award without sustaining evidence.

Reversed with new trial, and costs to plaintiff.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.