*In re* WIDENING WOODWARD AVENUE.

APPEAL OF DEMERY & CO.

1. EMINENT DOMAIN—LOSS—FIXTURES—EVIDENCE.

In condemnation proceedings wherein 11½ per cent. of the area of appellant's store was taken, requiring readjustment of its fixtures, jury committed reversible error in wholly ignoring evidence introduced on the question of value of fixtures lost that was presented by appellant and not rebutted.

2. SAME—LOSS FROM INTERRUPTION OF BUSINESS—EVIDENCE.

Computations as to loss of profits resulting from four months' interruption of business of store because of street widening, consisting of comparisons as to sales with stores located in another section of a large city, were not binding on jury, since the claim made was highly speculative in character.

Plaintiff may not maintain an action on original cause of action after valid and final personal judgment for defendant rendered after trial on issue of fact if issue was on the merits. See Restatement, Judgments, § 52.

After issue of fact is reached involving merits of plaintiff's cause of action, verdict for defendant by jury on conflicting evidence and judgment entered thereon, plaintiff is precluded from subsequently bringing an action on same cause of action; it being immaterial whether verdict was justified by the evidence, see Restatement, Judgments, § 52, comment (a).

3. Same—Former Appeal—Res Judicata.
   Issue as to alleged loss of profits resulting from interruption
   of business due to street widening *held*, concluded by former
   appeal where then presented.

Appeal from Recorder's Court for the City of Detroit; Gordon (Arthur E.), J. Submitted January 5, 1943. (Docket No. 3, Calendar No. 42,176.) Decided February 23, 1943.

Condemnation proceedings by City of Detroit, a municipal corporation, against Demery & Company, a Michigan corporation. Retrial on issue of damages. From order confirming verdict denying damages, defendant Demery & Company appeals. Reversed and new trial granted.

*Monaghan, Clark, Kellogg & McGuirk* (*Bartlette E. Nutter,* of counsel), for appellant.

*Paul E. Krause,* Corporation Counsel, and *Bert R. Sogge,* Assistant Corporation Counsel, for appellee.

Chandler, J. This controversy was before us on a prior appeal and was reversed for a new trial. *In re Widening Woodward Ave.,* 264 Mich. 326. Upon retrial, the jury awarded Demery & Company, appellant, no compensation either for loss of business or fixtures. A motion for a new trial was denied and the verdict of the jury confirmed.

In the course of the widening of Woodward avenue, a new store building was constructed which appellant continued to occupy. In floor area, the new building was 11½ per cent. smaller than the old one. Appellant revamped the store layout, shifted departments, moved some fixtures to new locations and discarded others. The loss of floor space occurred in the front part of the store and it is

claimed that most of the fixtures discarded came from that part.

The estimated value of all the fixtures was $107,-194.86, and as 11½ per cent. of the floor space was lost, appellant values the loss of fixtures in the same proportion or $12,327.41. The sum of $572 was received from the sale of discarded items, leaving a balance of $11,755.41 claimed as damages.

Because the jury awarded nothing on this issue, appellant claims they disregarded the testimony, committed the same error occurring in *Re Widening Woodward Ave.*, 264. Mich. 326, and that the award cannot stand.

Appellant produced testimony tending to sustain their claim of loss as to the fixtures. A witness for the city was of the opinion that no loss would result if the fixtures removed from the lost store space could be used elsewhere in the store but that a loss would result if they could not be so used.

It is admitted by appellant that some of the fixtures formerly used in the area lost to the widening were used elsewhere, yet the testimony shows that in such instances they replaced others of a similar nature which were discarded. As the record stands, the only evidence introduced as to value and the amount of the loss was that offered by appellant, which the jury obviously wholly disregarded as they did in the previous appeal. For this reason, a new trial must be granted.

The claim for damages for loss of business due to interruption by the widening was computed at $29,-160.06, based upon a comparison of the sales record of Demery & Company with certain of the downtown stores. This figure was determined, according to appellant's brief, as follows:

"From Demery & Company's figures on its own sales for 1937, 1938 and 1939 it was shown that for those months during the three years last mentioned

Demery & Company's average percentage of increase in sales volume over that of the four downtown stores was 224.57 per cent. In other words, for the period stated Demery & Company had the same percentage of increase in volume of sales as the downtown stores, plus 224.57 per cent. more.

"The four downtown stores during the four months of widening in 1941 (these stores were unaffected by the widening) had an average increase in volume of sales over the same months in 1939 of 30 per cent. By multiplying that figure by Demery & Company's average increase of 224.57 per cent. and by adding the product to 30 per cent. (average downtown store increase) the answer would be what Demery & Company's percentage of increase in sales volume in these months in 1941 would have been over its sales volume for the same period in 1939, had it maintained its average increase. This answer is 97.37 per cent.

"Thus it was shown what appellant's increased volume of sales would have been for the widening months in 1941, namely $107,493.89. From this increased volume was figured gross profit. From this were deducted additional expenses by reason of increased volume. Loss for interruption of business during the widening was thus shown to be $29,106.06."

Although the computations were made for the purpose of a trial taking place after the widening, the claim was highly speculative in character and the jury was not bound by appellant's testimony offered in support thereof. *In re Widening Woodward Ave.*, 264 Mich. 326. Furthermore, the same issue was presented by the previous appeal and was concluded thereby.

Reversed and remanded for a new trial as to damages to fixtures only, with costs to appellant.

BOYLES, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.