CONSUMERS POWER COMPANY *v.* REICH

Eminent Domain—Public Utilities—Condemnation of Property—Damages—Probate Court—Jurisdiction.

> A probate court is without jurisdiction to award damages negligently caused by public utility employees while making surveys for condemnation; only those damages arising from a lawful taking and proper operation of the improvement can be recovered in condemnation proceedings, and damages for negligence constitute a separate civil action (MCLA § 486-.252h).

Appeal from Allegan County Probate Court, Philip H. Mitchell, J. Submitted Division 3 March 13, 1969, at Grand Rapids. (Docket No. 4,754.) Decided March 28, 1969. Rehearing denied May 5, 1969. Application for leave to appeal filed November 6, 1969.

Petition by Consumers Power Company against Albert Reich and Marion Reich to condemn certain property rights for public use. Settlement reached. Defendants petition for allowance of legal fees and expenses. Certain claims granted, but others rejected for lack of jurisdiction by probate court. Defendants appeal. Affirmed.

References for Points in Headnote

20 Am Jur 2d, Courts §§ 87–97, 122, 124.
26 Am Jur 2d, Eminent Domain §§ 168, 169.

*Hoffman & Hoffman* and *Stuart H. Redner,* for plaintiff.

*Albert Reich, in propria persona.*

BEFORE: McGregor, P. J., and R. B. Burns and Danhof, JJ.

Per Curiam. Defendants appeal from a ruling of the probate court in condemnation proceedings that it had no jurisdiction to allow the following claim for damages:

| | |
|---|---|
| "Injuries to cattle caused by sharp tree stubs left by the survey crew at the time they cleared a path for the purpose of surveying | $600 |
| Removal of sharp, dangerous tree stumps left by the survey crew, which trees were cut at varying heights above the ground at the time the survey was made | $50 |
| Loss of hay crop due to necessity of Mr. Reich's attendance in court in preparation for trial | $2,000 |
| Loss in value of hay harvested late resulting in decrease in value of hay for feeding because harvesting was delayed by these proceedings | $2,000 |
| Cattle Loss: three cows destroyed with hardware disease, one heifer died after survey crew had invaded pasture land, and petitioner believes that they left foreign metal objects lying on the ground which were consumed by the cattle; that previous to the invasion of petitioner's property the pasture was fenced and had been used for years without incident | $15,000" |

Defendants are not attorneys and are not represented on this appeal by attorneys. Unfortunately,

much of their brief is not relevant to the question of jurisdiction.

As plaintiff's attorneys clearly point out, "the issues of project and route necessity are not before the Court on this appeal."

The applicable law has been summarized in 29A CJS, Eminent Domain, § 161, p 694 et seq. as follows:

"§ 161.—Injury from Negligence, Nuisance or Trespass

*"Under most authorities, damages not necessarily arising from a lawful taking and proper construction and operation of the improvement cannot be recovered in the condemnation proceedings.*

"In proceedings to condemn land or to recover compensation for land already taken or injured, no damages are included except such as necessarily arise from a lawful taking and a proper construction and operation of the improvement. Damages caused by willful, negligent, or improper acts in the construction of an improvement, as well as damages so caused in the operation or maintenance of a public improvement are not recoverable in the condemnation proceedings, the remedy, if any, of the landowner in such cases being an independent action for damages. So, a trespass committed outside a right of way condemned for highway purposes is not compensable in the eminent domain proceeding as an element of damage.

"These rules are applicable even though the constitution provides that compensation shall be made for injuring or destroying property as well as for taking it; and they also apply under statutes providing not only that just compensation for the land taken shall be made, but likewise for incidental loss or damage such as must necessarily or reasonably result from the appropriation of the land and construction of the road."

See also 4 Nichols on Eminent Domain, §§ 14.245 and 14.245(1).

In *Creek* v. *Laski* (1929), 248 Mich 425 (65 ALR 1113) the Michigan Supreme Court stated the following (p 429) :

"In this State the probate court is given no authority to invade the province of common-law courts to award damages for torts, whether in connection with wills or otherwise."

Quoting with approval from *United States Gypsum Co.* v. *Kent Circuit Judge* (1908), 150 Mich 668, 673, the Supreme Court said in *Michigan Gas Storage Co.* v. *Gregory* (1954), 341 Mich 34, 37, in part as follows :

" 'The jurisdiction of the probate court in condemnation proceedings is not a part of the ordinary and general jurisdiction of that court. * * * Proceedings to condemn land are special and summary in character and, while subject to judicial review and supervision for certain purposes, are not judicial proceedings.' "

It is the opinion of this Court that the probate court was correct in ruling that it did not have jurisdiction as to the damages claimed by defendants. Plaintiff's liability, if any, for the damages claimed by the defendant are governed, at least in part, by statute: MCLA § 486.252h [Stat Ann 1969 Cum Supp § 22.1672(8)].

"Following the filing of any petition for condemnation of property hereunder, the petitioner may enter upon the land for the purpose of surveying and locating more accurately the premises or interests sought to be acquired. Such entry and survey shall not constitute a cause of action in favor of the owner, except for actual damages, if any, to the property resulting from such entry and survey or for injuries

resulting from negligence, wantonness or malice of petitioner, his employees, contractors or agents."

The cause of action created by this statute is general in nature, as are the other claims of the defendants, and therefore defendants should have commenced their suit in a court of general jurisdiction.

Affirmed, costs to the plaintiff.