WARNER v. MICHIGAN ELECTRIC RAILWAY CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—PETITION TO DISCONTINUE PAYMENTS—BURDEN OF PROOF.

On employer's petition to be relieved from making further payments, under workmen's compensation act, to injured employee, burden is on employer to show that it is entitled to modification of award already made.

2. SAME—MOTORMAN NOT COMMON LABORER.

Motorman operating electric interurban passenger car is not common laborer, since his employment requires training, skill, and judgment beyond that of common laborer.

3. SAME—EMPLOYER NOT RELIEVED FROM FURTHER PAYMENTS BECAUSE INJURED MOTORMAN EARNING MORE AT OTHER LABOR.

That motorman on electric interurban passenger car, awarded compensation for total disability as result of injuries received in course of employment, is earning greater wages as foreman of gang of men than he was earning as motorman, will not justify discontinuing payments under said award, where he is still disabled from performing duties of motorman, since, under the statute (2 Comp. Laws 1915, § 5441), loss of wages suffered by him is to be measured by impairment of his earning capacity as motorman.

Certiorari to Department of Labor and Industry. Submitted June 20, 1929. (Docket No. 149, Calendar No. 33,884.)   Decided October 7, 1929.

Roy Warner was awarded compensation from the Michigan Electric Railway Company for an accidental injury in defendant's employ.   From an order denying defendant's petition to stop compensation, defendant brings certiorari.   Affirmed.

*Reuben H. Rossman,* for plaintiff.

*Whiting & Kleinstiver,* for defendant.

On right to compensation as affected by the fact that the earnings of the injured employee are as much or more than before the injury, see annotation in 17 A. L. R. 205.

NORTH, C. J. The plaintiff herein was injured on May 20, 1927, while at work for the defendant-appellant as a motorman on an interurban passenger car. His left arm near the shoulder was broken and he was otherwise injured. At the time he was earning 54½ cents per hour. He was paid compensation until September 10, 1927, when he went to work as the foreman of a gang of men and as such foreman he earned greater wages than when injured. A petition to discontinue compensation was filed by the defendant with the department of labor and industry. A hearing was had before a deputy commissioner, who denied the relief sought and ordered compensation continued for total disability. Review before the department of labor and industry was had and further testimony by deposition was taken and filed. After this hearing an order was entered by the department affirming the order of the deputy commissioner.

The defendant reviews by writ of certiorari and contends that there was error in the determination made because, (a) the plaintiff was not a skilled workman engaged in skilled employment at the time of his injury, but was a common laborer and subsequently obtained employment as a common laborer with earnings as great as he was receiving at the time of his employment; and (b) that plaintiff is not in fact disabled from performing the labor or the work of an interurban motorman.

In a proceeding of this kind the burden is upon the petitioner to show that it is entitled to a modification of the award already made. *Hovey* v. *General Construction Co.*, 233 Mich. 531. A careful review of this record conclusively discloses that, while there is some conflict in the testimony, the proof is such that it abundantly sustains the holding of the

department. The finding made covers the fact that the plaintiff at the time of the hearing was still "disabled from performing the duties of a motorman on an interurban car," and properly concludes that he is still entitled to compensation as originally awarded.

Much stress is placed by the appellant on the fact that the plaintiff since his injury has secured employment at which he has earned as much or more than he was earning at the time he was injured; and appellant also contends that his work as a motorman was common labor the same as his subsequent employment. In a case wherein an application was made for increased compensation by a motorman who, like the plaintiff herein, was injured in a collision, this court held (syllabus):

"Evidence that claimant, at the time of hearing, had been able during his employment by defendant railway company, after his injuries, to earn about as much as before, and that he had been employed at other labor after losing his position and had earned as much as he had prior to the accident, did not preclude the board from granting the additional award, under testimony of his earning capacity. 2 Comp. Laws 1915, §§ 5440, 5441." *Foley* v. *Detroit United Ry.*, 190 Mich. 507.

See, also, *Woodcock* v. *Dodge Bros.*, 213 Mich. 233 (17 A. L. R. 203).

As bearing upon appellant's contention that a motorman is a common laborer, it may be noted that in *Leitz* v. *Labadie Ice Co.*, 211 Mich. 565, Justice Steere, reviewing the *Foley Case, supra*, said:

"In that case plaintiff when injured was a motorman on defendant's railway running an electrically propelled car in the city of Detroit, an employment

of responsibility in the business of railroad transportation of passengers, presumably requiring training, skill, and judgment beyond that of a common laborer.''

The defendant offered the superintendent of its Jackson city lines as a witness, and he testified he would not consider an interurban motorman a common laborer. Clearly the department was correct in holding that the plaintiff's subsequent employment was not the same as that in which he was engaged at the time of his injury. The statute (2 Comp. Laws 1915, § 5441) provides that the loss of wages suffered by an injured employee is to be measured by ''the impairment of his earning capacity in the employment in which he was working at the time of the accident.'' It is so held in *Jameson* v. *Walter S. Newhall Co.*, 200 Mich. 514. This rule was correctly applied in this case. The order denying appellant's application to be relieved from making further payments on the award is affirmed, with costs to the appellee.

FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.