CATINO *v.* MORGAN & WRIGHT CO.

1. Workmen's Compensation—Further Compensation—Limitation of Actions.

Claim made over eight years after original injury, for further compensation for subsequently developing total disability *held,* not barred by either general statute of limitations or two-year limitation in workmen's compensation act where promptly after original injury to hand had occurred, award of compensation based on agreement of the parties following report of a compensable accident, had been made, since department of labor and industry retained jurisdiction to review payments from time to time (Comp. Laws 1929, §§ 8431, 13976).

2. Same—Total Disability—Res Judicata.

In proceedings by cement finisher for further compensation for total disability to continue such work because of weakness of injured hand and ankylosis, claimed to have developed since order denying preceding petition for further compensation for then claimed total disability, evidence *held,* sufficient to sustain finding that total disability had since developed, such finding not being nullified by claim of total disability on previous proceeding where department then made finding to the contrary.

Appeal from Department of Labor and Industry. Submitted April 10, 1935. (Docket No. 28, Calendar No. 38,293.) Decided June 3, 1935. Rehearing denied September 10, 1935.

Joe Catino presented his claim against Morgan & Wright Company for accidental injuries sustained while in its employ. On petition for further compensation. Award to plaintiff. Defendant appeals. Affirmed.

*Sol A. Dann,* for plaintiff.

*Leo W. Kuhn,* for defendant.

NORTH, J.   Plaintiff while employed by defendant sustained an injury arising out of and in the course of his employment.   The parties were subject to the workmen's compensation law.   Under an agreement made and filed with the department of labor and industry compensation was paid at $14 per week for 30 weeks.   Shortly thereafter plaintiff's petition for further compensation was denied by a deputy commissioner.   A year and five months later (August 19, 1927) plaintiff again petitioned for further compensation, claiming total disability.   The deputy commissioner awarded compensation, but upon review by the department of labor and industry compensation was denied February 17, 1928.   No appeal was taken.   No further application was made by plaintiff until January 19, 1934, when he again petitioned for further compensation, claiming total disability.   The deputy commissioner found total disability and awarded compensation at $14 per week beginning June 1, 1929, for 233–4/6 weeks accrued, totaling $3,271.33; and at the rate of $14 per week until the further order of the commission.   On review before the full commission this award was affirmed.   Defendant by certiorari to this court has presented for review two contentions.

First:   Appellant asserts plaintiff's claim for compensation was barred both by the general statute of limitations (3 Comp. Laws 1929, § 13976) and by the limitation contained in the compensation act (2 Comp. Laws 1929, § 8431).   This contention is not well founded.   Promptly after plaintiff was injured on July 25, 1925, he was awarded compensation for a period of 30 weeks based on an agreement of the

parties, following report of a compensable accident by the employer. Under the facts above stated the department of labor and industry retained jurisdiction. *Rowe* v. *Consumers Power Co.*, 268 Mich. 162. Neither of the above cited statutory provisions barred plaintiff's application for further compensation filed January 19, 1934.

Second: Appellant also contends that the award should be vacated because there is no evidence of a change of physical condition whereby plaintiff's earning power has been impaired subsequent to the order of February 17, 1928. In this connection appellant claims that: "the uncontradicted testimony shows that the employee, prior to the denial of a former petition—unappealed from, was unable to work and earn wages in the employment at which he was engaged when injured."

Plaintiff's injury is described as one "which mashed his right hand." The thumb on his right hand was amputated and some of the fingers crushed. Plaintiff is a cement finisher and was so employed at the time he was injured. He later returned to defendant's employ and continued working as a cement finisher. His ability to grasp the handle of a trowel with sufficient firmness to do cement finishing was impaired but he was able for a time to do the work. By the time plaintiff applied for further compensation in August, 1927, he claimed he was totally incapacitated to do this type of work. But the department of labor and industry found against plaintiff's claim of total disability. The record and files of the August, 1927, proceedings were produced and considered by the commission on this last hearing. In the opinion filed in the instant hearing the former testimony is reviewed in part as follows:

"The transcript of the testimony in that case indicates that plaintiff was at the time of that hearing, able to use his right hand part of the time, and indicates that his doctor, Dr. Dretzka, who died since that hearing, testified that the plaintiff had 50 per cent. function of the right hand. In addition to that, the testimony produced by the defendant at the time of that hearing indicated, according to numerous witnesses, that the plaintiff, during 1926 and 1927, had performed the work of a cement finisher, with his right hand and was able to keep up with the other cement finishers following his return subsequent to the accident.

"Dr. G. C. Penberthy, who appeared in behalf of the defendant at that hearing, testified to rather slight disability in the right hand and especially that the plaintiff had the flexion of most of his fingers on his right hand and that he could grip a trowel if it had a handle from one inch to one and a quarter inches in diameter, and further testified that the plaintiff had flexion of the little finger and index finger and considerable flexion of the ring finger which would enable him to grip something, such as a trowel; that the hand was fairly functional and that in his opinion, the hand was getting better."

In disposing of the present petition for compensation which was filed by plaintiff in January, 1934, the commission rendered an opinion which reviews the present showing on the question of whether plaintiff's earning capacity has become impaired to a greater degree since the next preceding determination of the department. Review of the record discloses that the commission's determination is supported by the testimony in the present proceedings. We quote the opinion in part:

"The plaintiff has now filed his petition to reopen and review and sets forth that in the months of

February or March of 1928, his hand had become progressively worse and that he noticed at about Easter time of 1928, that his hand was becoming smaller and his fingers stiffer and more especially that several of the fingers in which he formerly had flexion were gradually becoming flexed toward the palm of his hand.   *   *   *   He repeatedly testified that his hand had become weaker, more painful, more atrophied and ankylosed since his last hearing in September, 1927.   Since February, 1928, the testimony clearly indicates that the plaintiff has done no work as a cement finisher; that during the rush periods of 1929, be obtained odd jobs for a short period of time as a cement foreman, but did not work himself as a cement finisher.   With the exception of this little work, plaintiff has been a public charge since 1929, because of his inability to procure even common labor work.   The undisputed testimony of the doctors and the cement finishers indicate that it would be impossible for the plaintiff to hold a trowel in his right hand, let alone work with it.   Testimony was also introduced that not only was the plaintiff refused jobs by various contractors, but an employment man in the construction field testified that the plaintiff could not get employment as a cement finisher in view of the condition of his right hand.

"The testimony of the previous hearing clearly indicated that the hand was not in the condition it was at the time of this hearing, for the plaintiff himself admitted on the previous hearing that he could use his right hand part of the time and the medical testimony in behalf of the plaintiff and in behalf of the defendant indicates that the plaintiff had the use of his right hand to about 50 per cent. or more at the time of the other hearing.   A comparison of the medical testimony at the previous hearing and of this will show the progressive change."

In consideration of the character of the testimony given on this hearing the commission found that

since the last preceding hearing plaintiff had suffered a change of condition for the worse as to his earning capacity. This finding is not nullified (as is claimed by appellant) by the fact that plaintiff claimed at the former hearing he was *then* totally incapacitated from doing the work of a cement finisher, or by the further fact that at the present hearing he still testified to the same effect. Obviously the commission found as a fact in the August, 1927, proceedings that plaintiff, notwithstanding his claim to the contrary, was not then totally incapacitated. But in the present proceedings there is testimony which strongly tends to establish plaintiff's total disability as found by the commission; and on this review by certiorari that finding must be affirmed.

In affirming the award in this case we have not overlooked appellant's contention stated thus in the record:

"The plaintiff is not disabled for the undisputed testimony shows that at the time of the hearing on the present petition, the plaintiff was employed by the C. W. A., as a cement finisher which is the identical work he was engaged in at the time of the accident."

As a matter of fact plaintiff was employed by the C. W. A. as a foreman or overseer of men doing cement work. The testimony does not show that plaintiff himself was actually doing the work of a cement finisher.

The award is affirmed, with costs to appellee.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.