PRETZER v. STATE PSYCHOPATHIC HOSPITAL.

1. WORKMEN'S COMPENSATION—STOPPING COMPENSATION—BURDEN OF PROOF.

In order to stop compensation, the party asserting that there has been a recovery must sustain the burden of proof.

2. SAME—STOPPING COMPENSATION—FINDING OF DEPARTMENT—TESTIMONY OF LAY WITNESSES.

On defendants' petition to stop compensation, finding of department of labor and industry that present disability of employee dates from accident *held*, supported by record, showing him to have been fully capable and competent to perform his duties prior to accident, although department had to weigh the testimony of lay witnesses in order to arrive at such conclusion.

3. SAME—DURATION OF INJURY—LAY WITNESSES—EXPERTS.

In determining the duration of a disability the department of labor and industry may rely upon the testimony of lay witnesses and is not bound to take the opinion of a doctor.

4. SAME—MALE NURSE—KICK IN ABDOMEN—INSANITY—BURDEN OF PROOF—STOPPING COMPENSATION.

On defendants' petition to stop compensation, finding of department of labor and industry that defendant had failed to show that employee's present condition of insanity had no relation to accident and injury, received by him when he was kicked in the abdomen by a patient while he was working as a male nurse, *held*, sustained by record.

Appeal from Department of Labor and Industry. Submitted October 5, 1938. (Docket No. 43, Calendar No. 40,199.) Decided November 10, 1938.

Charles Pretzer, by Nora B. Pretzer, guardian, presented a claim for compensation against State Psychopathic Hospital, employer, and State Accident Fund, insurer, for injuries sustained by Charles Pretzer while in defendant's employ. On petition to stop or reduce compensation. Award to plaintiff. Defendants appeal. Affirmed.

*William M. Laird,* for plaintiff.

*Harry F. Briggs* (*Roy Andrus,* of counsel), for defendants.

SHARPE, J. On September 7, 1935, the plaintiff, a man 63 years of age, suffered an accidental injury arising out of and in the course of his employment as a male nurse by the State psychopathic hospital at Ann Arbor. He was kicked in the abdomen by a patient and an operation disclosed a small tear in the lower part of the small intestine. Plaintiff remained 20 days in the general hospital and was then

transferred to the convalescent hospital. He returned home about four weeks after the injury. Compensation at the rate of $18 per week in accordance with an approved agreement was paid to September 19, 1936. On September 29, 1936, the defendants filed a petition to stop payment of compensation. On May 20, 1938, the department denied defendants' petition to stop payment of compensation.

Defendants appeal and contend that there was no competent evidence to support the finding of the department of labor and industry that the incapacity for work of the plaintiff was the result of the accident.

An additional fact of interest is that plaintiff never resumed employment of any kind; and subsequent to his return from the hospital, he was committed to Ypsilanti State hospital as an insane patient.

The law is clear that in order to stop compensation, the party asserting that there has been a recovery must sustain the burden of proof. See *Hovey* v. *General Construction Co.*, 233 Mich. 531; *Warner* v. *Railway Co.*, 248 Mich. 60; *Johnson* v. *Pearson,* 264 Mich. 319. In the instant case the burden was upon defendants to show by competent evidence that plaintiff had recovered from the effects of the accident.

In the opinion of the department it is said:

"The department finds that during the time that plaintiff was employed by the defendant hospital and up to the time of his accidental injury, he was mentally normal and in full possession of all of his faculties. His present disability dates from the accident and has been a progressive development since that time."

The evidence supporting plaintiff's claim is largely drawn from lay witnesses and is to the effect that

prior to the injury plaintiff was fully capable and competent to perform his duties as a male nurse, while the evidence supporting defendants' claim is to the effect that subsequent to the accident and injury, plaintiff had a generalized arteriosclerosis and elevated blood pressure, a deteriorated intellect and thinking ability and that this condition existed prior to the accident.

We think the record sustains the finding of the department that the present condition of plaintiff dates from the accident, but to arrive at this conclusion, the department had to weigh the testimony of lay witnesses.

In *Austin* v. *Howard A. Davidson, Inc.,* 246 Mich. 599, 602, we said:

"The board * was not bound to take the opinion of the doctor when there were other facts sufficient to support a contrary finding."

And in *Johnson* v. *Pearson, supra,* we said:

"The commission * may rely upon the testimony of plaintiff and lay witnesses in determining the duration of an injury."

See, also, *Jelusich* v. *Wisconsin Land & Lumber Co.,* 267 Mich. 313.

In the case at bar, the department found that defendants failed to show that plaintiff's present condition had no relation to the accident and injury. The record sustains such a finding and the award is affirmed, with costs to plaintiff.

WIEST, C. J., and BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., did not sit.

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312 (Stat. Ann. § 17.3).—REPORTER.