ASKEW v ANN ARBOR PUBLIC SCHOOLS

Docket No. 78996. Argued October 8, 1987 (Calendar No. 7). Decided December 12, 1988.

Jessie Askew was awarded workers' compensation benefits by a hearing referee for injuries sustained in the course of her employment with the Ann Arbor Public Schools. The Workers' Compensation Appeal Board affirmed. In a subsequent separate proceeding, the board found that while the original claim was pending on appeal there had been a change in Askew's physical condition which occurred after the hearing before, and the award by, the referee, but before the hearing and decision by the board on appeal, and that Askew was entitled to continuing benefits. The Court of Appeals, MacKenzie, P.J., and Walsh and Shepherd, JJ., reversed in an unpublished opinion per curiam, finding that the plaintiff should have sought to present, during the WCAB review of the first proceeding, the evidence that she was disabled and holding that the plaintiff was precluded by the doctrine of res judicata from obtaining continuing benefits (Docket No. 82704). The plaintiff appeals.

In an opinion by Justice LEVIN, joined by Justices BRICKLEY, ARCHER and GRIFFIN, the Supreme Court *held:*

A worker who has obtained an award of workers' compensation benefits is not required, while the award is pending on appeal before the Workers' Compensation Appeal Board, to seek to present to the board evidence of a change in physical condition, which occurred after the award and which the worker claims supports a further and separate claim of benefits arising from the same injury, in order to avoid the bar of res judicata and to preserve the right to a separate hearing on the claim.

1. An order of a workers' compensation hearing referee is dispositive unless an appeal is taken to the Workers' Compensation Appeal Board. The workers' compensation act provides

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 584 *et seq.*

Matters concluded, in action at law to recover for the same injury, by decision or finding made in workmen's compensation proceeding. 84 ALR2d 1036.

that if a claim for review of a referee's decision is filed with the wcab, the board may hear the claim together with such additional evidence as it may allow. It is clear from the language of the statute ("as it in its discretion may allow") and well established that, had the plaintiff sought to introduce additional evidence, the board would not have been obligated to hear it.

2. Although a referee's decision is reviewable de novo by the board, it does not follow that the date of decision by the board is determinative for purposes of res judicata. The board reviews the record made before the referee, and its decision is conclusive of all matters adjudicable, including the condition of the injured worker at the time the record was made.

3. The doctrine of res judicata bars claims actually litigated as well as claims arising out of the same transaction that could have been brought. The question presented in this case is whether the worker, in order to prevent application of the doctrine of res judicata, must seek to expand the record to include evidence of a change in physical condition that occurred after the conclusion of the hearing before the referee. The board declared in this case that, for purposes of the application of the doctrine of res judicata, the date of the hearing before, and decision by, the referee and not the date of the hearing before, or decision by, the board was determinative. The administration of justice would not be advanced by the adoption of a rule requiring the employee to present such evidence, where the employee claims that the evidence supports a further and separate claim of benefits arising from the same injury, in order to avoid the bar of res judicata and to preserve the right to a hearing on the further and separate claim.

Justice Boyle, joined by Justice Cavanagh, concurring, stated that both the principles of res judicata and sound public policy require that the plaintiff not be precluded from litigating his change of condition.

The plaintiff's petitions present a substantial overlap of witnesses and proofs, and the petition based on a change of condition arose out of the same transaction or occurrence as the original petition. Under the general rule of res judicata, there is but one claim involved in both petitions.

It is the finality of an award that determines whether the doctrine of res judicata will attach. Although the doctrine applies in workers' compensation proceedings, it is subject to the exception of a change in physical condition. A compensation award is an adjudication as to the condition of the injured worker at the time it is entered. It is conclusive of all matters adjudicable at that time, but it is not an adjudication of the

claimant's future condition and does not preclude subsequent awards or modifications of the original award upon a showing that the employee's physical condition has changed.

In this case, the change of condition on which the plaintiff based his second petition occurred after the decision of the referee regarding his first petition. Given the nature of the statutory scheme, the plaintiff neither could nor should have raised the issue of change of condition during the appeal of the referee's decision.

Chief Justice RILEY, concurring, stated that a claimant of wage-loss benefits may relitigate a changed physical condition which occurred after a hearing referee's initial award, but before a decision of the Workers' Compensation Appeal Board. Because the doctrine of res judicata does not bar such relitigation, it is unnecessary to resort to public policy as a basis for resolution.

Reversed and remanded.

WORKERS' COMPENSATION — WORKERS' COMPENSATION APPEAL BOARD — CHANGE IN PHYSICAL CONDITION — RES JUDICATA.

A worker who has obtained an award of workers' compensation benefits is not required, while the award is pending on appeal before the Workers' Compensation Appeal Board, to seek to present to the board evidence of a change in physical condition, which occurred after the award and which the worker claims supports a further and separate claim of benefits arising from the same injury, in order to avoid the bar of res judicata and to preserve the right to a separate hearing on the claim (MCL 419.859; MSA 17.237[859]).

*Goodman, Eden, Millender & Bedrosian* (by *Morton A. Eden* and *Diane M. Kwitoski*) for the plaintiff.

*Conklin, Benham, Ducey, Ottaway, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), for the defendant.

Amici Curiae:

*Glotta, Rawlings & Skutt, P.C.* (by *Richard M. Skutt*), and *Susan E. Lister* for Michigan Trial Lawyers Association and Michigan Injured Workers.

LEVIN, J. The question presented is whether a worker who has obtained an award of workers' compensation benefits that is pending on appeal to the Workers' Compensation Appeal Board must seek to present to the WCAB, during its review of the earlier award, evidence of a change in physical condition, which occurred after the award, that the worker claims supports a further and separate claim of benefits arising from the same injury in order to avoid the bar of res judicata and preserve his right to a hearing on the further and separate claim. We hold that he is not required to seek to present the evidence during the appeal.

The Workers' Compensation Appeal Board found, in October, 1974, that Jessie Askew was injured on February 19, 1971, and affirmed a referee's November, 1972, decision awarding her benefits for a closed period from February 20, 1971, to July 26, 1971.

Subsequently, in a separate proceeding, the WCAB found[1] that there had been a change in Askew's physical condition which occurred after the November, 1972, hearing and award, but before the hearing and decision by the WCAB on review of that award. The WCAB found in that second proceeding that Askew was entitled to continuing benefits from a date in 1973,[2] on the basis of testimony of medical experts who made a diagnosis in 1973 (i.e., before the WCAB's 1974

---

[1] On December 26, 1984. See n 2.

[2] March 23, 1976. This award was based on a petition for benefits filed March 23, 1977. The one-year back rule, MCL 418.833; MSA 17.237(833), was applied, and that explains why benefits were awarded from March 23, 1976, rather than from the 1973 date of disability.

The referee dismissed the petition, stating that the decision of November, 1972, was res judicata. The WCAB reversed in October, 1978, and remanded for a hearing on the merits. The WCAB said the prior decision was res judicata "as to plaintiff's physical condition *through the date of hearing.*" (Emphasis in original.) The Court of Appeals denied leave to appeal in December, 1978.

decision in the first proceeding) of problems arising from the 1971 injury that were not evident in 1972 when the hearing before the referee that resulted in the earlier award was held.[3]

An order of a referee can be and is dispositive[4] unless an appeal is taken to the wcab. Here, Askew took an appeal in the first proceeding to the wcab. It was her claim, rejected in 1974 by the wcab in that proceeding, that the record made before the referee at the first hearing in November, 1972, supported an award of benefits beyond the five-month closed period for which they were awarded.

The wcab found in the second proceeding that there was evidence of a change in physical condition commencing in 1973. That evidence, accordingly, could not have been made part of the record at the time of the first hearing in November, 1972. Askew's employer, the Ann Arbor Public Schools, contends that because the additional evidence was available in 1973—while the referee's 1972 decision was still pending on appeal to the wcab— Askew should have sought to present the additional evidence during the wcab review in the first proceeding before the 1974 wcab decision in that proceeding was made.

The workers' compensation act provided that if a claim for review by the wcab of a referee's decision is filed, the wcab "may hear the parties,

On remand, the referee entered an order denying benefits, stating that there had been no worsening or change in Askew's condition. On appeal, the wcab, by order dated December 26, 1984, disagreed with the referee and, in a two to one decision, awarded continuing benefits from March 23, 1976.

The Court of Appeals granted leave to appeal on March 28, 1985, and reversed on June 12, 1986. We granted leave to appeal, limited to the issue of the application of the doctrine of res judicata in this case. *Askew v Ann Arbor Public Schools,* 428 Mich 857; 399 NW2d 397 (1987).

[3] November, 1972.

[4] MCL 418.851, 418.863; MSA 17.237(851), 17.237(863).

together with such additional evidence as it in its discretion may allow them to submit . . . ."[5]

The Court of Appeals agreed with the Ann Arbor Public Schools that Askew should have sought to present the evidence that she was disabled from a date in 1973 to the WCAB during its review in the first proceeding and held that Askew was precluded by the doctrine of res judicata from obtaining continuing benefits. The Court of Appeals observed that this Court in *Gose v Monroe Auto Equip Co,* 409 Mich 147, 160-161; 294 NW2d 165 (1980), had said in effect "that the doctrine of res judicata bars a claim which a plaintiff in a worker's compensation case could have brought, but did not."[6]

Ann Arbor Public Schools argues that when an appeal is taken from a referee's decision to the WCAB, the decision of the WCAB and not the decision of the referee is the "award" within the meaning of this Court's repetition in *Gose* of its earlier statement in *Hlady v Wolverine Bolt Co,* 393 Mich 368, 375-376; 224 NW2d 856 (1975), " 'that a compensation award is an adjudication as to the condition of the injured workman at the time it is entered, and conclusive of all matters adjudicable at that time.' "

In neither *Gose* nor *Hlady,* however, did this Court focus on the question now presented, whether the "time" of the award for res judicata purposes is the date of the decision by the referee or the date of the decision by the WCAB where an intervening change in physical condition may, as recognized in the passage from *Hlady* quoted in

---

[5] MCL 418.859; MSA 17.237(859). The statute was amended by 1985 PA 103; the quoted phrase now reads: "may hear the parties, together with such additional evidence as it may allow . . . ."

[6] *Askew v Ann Arbor Public Schools,* unpublished opinion per curiam of the Court of Appeals, decided June 12, 1986 (Docket No. 82704).

*Gose,*[7] justify a further award of benefits or the stopping of payment on an award previously entered.

This Court's decisions in *Gose* and *Hlady* that the doctrine of res judicata bars claims actually litigated and also those arising out of the same transaction that could have been, but were not, brought does not address the question whether a worker who has obtained a referee's award that is pending on appeal to the WCAB must *seek* to present, during the WCAB's review of the earlier award, evidence in support of a further and separate claim for benefits on the basis of a change in physical condition that occurred after the referee's award arising from the same injury to avoid the bar of res judicata and preserve his right to a hearing on the further and separate claim.

Neither general res judicata doctrine[8] nor policy

---

[7] " 'The general rule with respect to the effect upon the application of the principles of res judicata to decisions under workmen's compensation acts, of a provision authorizing the modification of an award upon a showing of a change in the employee's condition, is that a compensation award is an adjudication as to the condition of the injured workman at the time it is entered, *and conclusive of all matters adjudicable at that time,* but it is not an adjudication as to the claimant's future condition and does not preclude subsequent awards or subsequent modifications of the original award upon a showing that the employee's physical condition has changed. . . .' " *Hlady v Wolverine Bolt Co,* 393 Mich 368, 375-376; 224 NW2d 856 (1975) (emphasis supplied in *Hlady*). [*Gose v Monroe Auto Equip,* 409 Mich 147, 160-161; 294 NW2d 165 (1980).]

[8] Dimensions of "Claim" for Purposes of Merger or Bar—General Rule Concerning "Splitting"

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

(2) What factual grouping constitutes a "transaction," and

requires one result in preference to the other. Requiring a worker claiming further benefits or an employer claiming that payment of benefits should be stopped to seek to present to the WCAB evidence of a change in physical condition that occurs during the pendency of an appeal thereto would not be unfair as long as sufficient time remained to do so before the WCAB ruled and the request to present the evidence would not unduly delay the ultimate decision. In the instant case, however, the WCAB indicated that the worker or employer is not required to seek to present such evidence on appeal.

The WCAB declared in the instant case that, for purposes of the application of the doctrine of res judicata, the date of the first hearing and decision before the referee, November, 1972—and not the date of the hearing before or the decision by the WCAB—was determinative. The WCAB said that the November, 1972, decision was res judicata "as to plaintiff's physical condition *through the date of hearing.*" (Emphasis in original.)[9] That declaration of the WCAB may reflect an assessment of the

what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. [1 Restatement Judgments, 2d, § 24, p 196.]

[9] We recognize that the view expressed in this WCAB opinion may not be shared by all members of the WCAB. There is, however, no decision of the WCAB to the contrary.

Ann Arbor Public Schools relies on the statement of a member of the WCAB who filed a concurring opinion in another case, stating the procedure to be followed when an employer, in that case, or an employee files a new petition on the basis of a change in physical condition after an initial decision and award or denial by a referee. In this case no such petition was filed.

We regard as noteworthy that the WCAB's decision in the instant case, on the question whether a petition to take additional evidence must be filed with the WCAB, during the pendency of the appeal before

frequency with which petitions to present additional evidence are granted by the WCAB, the likelihood of delay if such petitions are routinely granted, or the systemic or substantive problems that might develop if the determinative date is the date of decision by the WCAB (or the date of a hearing before the WCAB or a date preceding the hearing).

It is clear from the language of the statute ("as it in its discretion may allow")[10] and well established that had Askew sought to introduce the additional evidence, the WCAB would not have been obliged to hear it.[11] Adoption of the rule advocated by Ann Arbor Public Schools would not, unless the WCAB were to routinely grant petitions to submit additional evidence, result in the economies of a single adjudication visualized by the Ann Arbor Public Schools.

If we were to adopt the rule advocated by the Ann Arbor Public Schools, it would have operative effect only in cases where the WCAB chose to grant a petition to submit additional evidence and in cases where no such petition was filed. In those cases where a petition was filed and the WCAB declined to receive additional evidence, the worker would clearly be entitled to a hearing before a

it, to avoid the bar of res judicata where there has been a change in physical condition during the pendency of the appeal, was written by the chairman of the WCAB and signed by four other members without qualification.

[10] See text accompanying n 5.

[11] When the doctrine of res judicata has been invoked to bar a claim not presented, the party against whom it has been applied, generally if not invariably, has had an opportunity to present as of right the claim not presented, but failed to do so. In the instant case, Askew did not have a right to present a claim for continuing benefits during the course of her appeal to the WCAB from the 1972 referee decision. While we do not predicate decision on the basis that she did not have a right to so present her claim, we do not wish to be understood as intimating that the doctrine of res judicata may be invoked in respect to a claim not presented where the claim may not be presented as of right.

referee regarding a further and separate claim to benefits.

Adoption of a rule making the date of hearing or award by the WCAB determinative might produce a mountain of additional "protective" petitions that would be routinely denied by the WCAB and become a source of considerable litigation in those cases where a petition was not filed on the question whether a protective petition was required to be filed.

1985 PA 103 provides a new administrative procedure for adjudicating contested claims for workers' compensation. Applications for hearing filed after March 31, 1986, are to be heard by a workers' compensation magistrate rather than a referee. An appeal from the magistrate's decision is to be taken to the newly established workers' compensation appellate commission in lieu of the WCAB. Act 103 provides for the phasing out of the functions of the referee and the WCAB. The WCAB reviews a decision of a referee de novo.[12] The findings of fact of a magistrate are to be considered conclusive by the commission if supported by competent, material, and substantial evidence on the whole record.[13]

Under the new procedure established by Act 103, authorization for the taking of additional evidence on review to establish a change in physical condition has been eliminated. The appellate commission "may remand a matter to a worker's compensation magistrate for purposes of supplying a complete record if it is determined that the record is insufficient for purposes of review."[14] The

---

[12] See MCL 418.859; MSA 17.237(859); *Kostamo v Marquette Iron Mining Co,* 405 Mich 105, 135; 274 NW2d 411 (1979).

[13] MCL 418.861a; MSA 17.237(861a). See *Civil Service Comm v Dep't of Labor,* 424 Mich 571; 384 NW2d 728 (1986).

[14] MCL 418.861a(12); MSA 17.237(861a)(12).

determinative date for res judicata purposes under the new procedure will be the hearing before the magistrate. The Legislature has thus enacted an administrative system for adjudicating contested claims for workers' compensation that clearly does not contemplate the taking of additional evidence on appeal where there has been a change in physical condition. If we were to adopt the new rule advocated by the Ann Arbor Public Schools and reverse the decision of the WCAB in the instant case, it would affect only those cases where a hearing was sought before April 1, 1986.

Although a referee's decision is reviewable de novo by the WCAB,[15] it does not follow that the date of decision by the WCAB is determinative for res judicata purposes. The WCAB reviews the record made before the referee. The WCAB decision is " 'conclusive of all matters adjudicable, [including the condition of the injured worker] at [the] time' "[16] that record was made. The question here presented is whether the worker must, to prevent application of the doctrine of res judicata, seek to expand that record to include evidence of a change in physical condition that occurred after the referee's hearing was concluded.

Adoption of a rule making the date of hearing or award by the WCAB determinative could work against employers in other cases. If there has been a change in the physical condition of a worker receiving benefits pursuant to an order of a referee or the WCAB, an employer may seek a stop-payment order. If we were to hold that an injured worker is required to seek to present evidence of a change in physical condition occurring between the referee's award and the hearing before the WCAB, then an employer might also be required to

---

[15] See n 12.

[16] *Hlady, supra,* 376.

seek to present evidence of a change in condition justifying a stop-payment order[17] where the employer was aware (or possibly should have been aware) of the change in condition between the referee hearing and the WCAB hearing.

Having in mind the difficulty confronting the WCAB in disposing of the backlog of cases still subject to its jurisdiction, we decline to adopt a new rule that might further add to its burden and exacerbate the problem with which it is confronted by requiring injured workers and employers to file petitions seeking to present evidence of a change in physical condition, which occurs between the referee and the WCAB hearings, to the WCAB during its review to avoid a possible res judicata determination. Were we to adopt such a rule, the WCAB could deny all such petitions. Then a decision of this Court adopting such a rule would have added more paperwork (in cases where a petition was filed and denied), created a trap for the unwary (in cases where a petition was not filed), and become a source of litigation for the magistrates, the appellate commission, and the WCAB as well, who would be called upon in cases where a petition was not filed to assess whether, in particular cases, a petition to present such evidence should have been filed with the WCAB.

We are not persuaded that the administration of justice would be advanced by adoption of a rule requiring the employee to present evidence of a change in physical condition, which occurred after the award, that the worker claims supports a further and separate claim of benefits, arising from the same injury in order to avoid the bar of res judicata and preserve his right to a hearing on the further and separate claim.

[17] Payment of seventy percent of weekly benefits awarded by a referee is required during the pendency of an appeal to the WCAB. MCL 418.862; MSA 17.237(862).

We emphasize that although both of Askew's claims arose out of the same injury, Askew's claim in the second proceeding was based on a change in physical condition that occurred after the hearing before the referee in the first proceeding had concluded which gave rise to a claim separate and distinct from her claim in the first proceeding.

We reverse the decision of the Court of Appeals and remand the cause to the WCAB.

BRICKLEY, ARCHER, and GRIFFIN, JJ., concurred with LEVIN, J.

BOYLE, J. (*concurring*). In *Pike v City of Wyoming,* 431 Mich 589; 433 NW2d 768 (1988), a majority of this Court held that despite a prior, final award of benefits by the bureau, the doctrine of res judicata did not preclude the defendants from relitigating the issue of the plaintiff's wife's dependency. It was my expressed view in *Pike* that the majority of this Court had based its decision, not upon the law of res judicata, but upon an ad hoc notion of public policy. In my dissent in *Pike,* I explained:

> There may be matters of public policy so extraordinary as to justify a departure from res judicata principles. However, a court's vague notion of "fairness"—though motivated by benevolence in a particular case—does not justify the substantial injustice that results when finally decided cases are reopened. Such a view negates the expectations of the bar on which client advice is predicated and corrupts the decision-making process of a court. [*Pike, supra,* pp 630-631 (BOYLE, J., dissenting).]

Today, a majority of this Court takes one step beyond *Pike,* abandoning both law *and* public policy as a basis for its decision. The majority prefaces its holding as follows:

Neither general res judicata doctrine nor policy requires one result in preference to the other. [*Ante*, pp 720-721.]

I agree with the majority that the doctrine of res judicata does not preclude[1] the plaintiff from litigating his 1973 change of condition. However, contrary to the majority, I believe that both the principles of res judicata and sound public policy require this result.

I

Recent deviations from the rule of res judicata notwithstanding,[2] Michigan does follow the broad rule of res judicata with regard to workers' compensation claims. *Gose v Monroe Auto Equip Co*, 409 Mich 147; 294 NW2d 165 (1980). Under this rule:

When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar . . ., the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. [1 Restatement Judgments, 2d, § 24(1), p 196.]

[1] I am inclined to believe that it is the doctrine of merger which is at issue, since the order of the bureau was in favor of the plaintiff on the issue of continuing disability. See 1 Restatement Judgments, 2d, § 18, p 151; cf. § 19, p 161.

[2] As a basis for his decision in *Pike, supra,* p 602, Justice GRIFFIN has cited either a change in the law as a general exception to res judicata or the possibility that any collateral attack on the *amount* of benefits, as opposed to the *entitlement* to benefits, presents an exception to res judicata. Similarly, Justice BRICKLEY has based his decision in *Pike, supra,* p 607, on the suggestion that there was an unspecified "changed circumstance" that in context must be the conclusion that the statute is unconstitutional. Despite these differences, it appears that all would agree that the broad rule of res judicata is applicable to these proceedings.

Thus, the Restatement formulation of the rule of res judicata focuses upon the transaction out of which the action arose and designates the date of a "final judgment" as that upon which res judicata attaches to the claim.

The initial error of the majority is the assumption that a rule of res judicata may simply be grafted onto the decision of choice. The majority reasons:

> In neither *Gose* nor *Hlady* [*v Wolverine Bolt Co,* 393 Mich 368; 224 NW2d 856 (1975)], however, did this Court focus on the question now presented, whether the "time" of the award for res judicata purposes is the date of the decision by the referee or the date of the decision by the WCAB where an intervening change in physical condition may, as recognized in the passage from *Hlady* quoted in *Gose,* justify a further award of benefits or the stopping of payment on an award previously entered. [*Ante,* pp 719-720.]

While it is literally true that neither of these decisions sets forth the "time" at which res judicata attaches, the reason is that it is not the time, but the state of finality which determines whether res judicata is applicable. Thus, the *Hlady* majority explained:

> "Where issues of fact or law have been *finally* decided by a court of competent jurisdiction in one legal action which are essential to the maintenance of another legal action, it is universally held that the second action must fail." [*Hlady, supra,* p 376 (emphasis added), quoting with approval *Jones v Chambers,* 353 Mich 674; 91 NW2d 889 (1958). See also *Cohen v Home Life Ins,* 273 Mich 469, 473; 263 NW 857 (1935); 1 Restatement Judgments, 2d, § 13, p 132.]

The Workers' Disability Compensation Act specifies that a claim of appeal may be taken from

either the decision of the hearing referee[3] or the
appeal board.[4] At the expiration of an appeal
period, the decision is final, *Abbott v Saginaw Ice
& Coal Co,* 284 Mich 462, 475; 280 NW 21 (1938),
and may be enforced in circuit court. MCL
418.863; MSA 17.237(863).

Here, the hearing referee's decision awarded a
closed period of wage-loss compensation to the
plaintiff on December 6, 1972. The plaintiff filed a
timely claim of appeal with the appeal board. On
October 28, 1974, the appeal board affirmed the
decision of the hearing referee. No appeal was
taken from the appeal board's decision. Instead, on
March 23, 1977, more than two years later, the
plaintiff filed a new claim for wage-loss compensa-
tion with the bureau. Her new petition alleged a
change of condition which preceded the appeal
board's decision by nearly two years.[5]

The only final decision in this matter is that of
the appeal board dated October 28, 1974. I agree
generally with the Court of Appeals conclusion
that "the doctrine of res judicata bars a claim

[3] MCL 418.851; MSA 17.237(851) provided:

> The hearing referee assigned to any hearing in accordance
> with the provisions of section 847 shall make such inquiries
> and investigations as he shall deem necessary. The hearing
> shall be held at the locality where the injury occurred and the
> order of the hearing referee shall be filed with the bureau.
> Unless a claim for review is filed by a party within 15 days, the
> order shall stand as the order of the bureau.

[4] MCL 418.861; MSA 17.237(861) provided:

> The court of appeals and the supreme court shall have power
> to review questions of law involved in any final order of the
> [appeal] board, if application is made by the aggrieved party
> within 30 days after such order by any method permissible
> under the rules of the courts of the laws of this state.

[5] In fact, it appears that the date alleged for the change of plain-
tiff's condition, and that ultimately found by the appeal board, was
the date of the hearing referee's initial decision, December 6, 1972.

which a plaintiff in a workers' compensation case could have brought, but did not."[6] To be more precise, however, there is but one "claim" which arises from a single transaction or occurrence, although it may be based upon a number of different theories.[7] Thus, if in reality there is but one claim involved in this appeal, that alleged in the plaintiff's second petition is merged with her first and precluded under the general rule of res judicata.

In essence, there are two aspects to the question presented by Jessie Askew's delayed petition for further wage-loss compensation on the basis of a change of condition. The first question is whether the delayed petition is based upon the same claim as that underlying the plaintiff's first petition and

[6] *Askew v Ann Arbor Public Schools,* unpublished opinion per curiam of the Court of Appeals, decided June 12, 1986 (Docket No. 82704).

[7] As explained in 1 Restatement Judgments, 2d, § 24, comment a, pp 196-197:

"Claim," in the context of res judicata, has never been broader than the transaction to which it related. But in the days when civil procedure still bore the imprint of the forms of action and the division between law and equity, the courts were prone to associate claim with a single theory of recovery, so that, with respect to one transaction, a plaintiff might have as many claims as there were theories of the substantive law upon which he could seek relief against the defendant. Thus, defeated in an action based on one theory, the plaintiff might be able to maintain another action based on a different theory, even though both actions were grounded upon the defendant's identical act or connected acts forming a single life-situation. . . .

The present trend is to see claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; regardless of the number of primary rights that may have been invaded; and regardless of the variations in the evidence needed to support the theories or rights. The transaction is the basis of the litigative unit or entity which may not be split.

thereby extinguished under the doctrine of merger. See 1 Restatement Judgments, 2d, §§ 18(1), 24, pp 151-152, 196. The second question is whether, assuming that there is but one claim, any exception to the rule of res judicata is applicable. See, generally, 1 Restatement Judgments, 2d, § 26, pp 233-234. In neither question is the "time" of the final decision determinative. In both, orthodox principles of res judicata may be applied to reach a just and practical resolution of this dispute.

## II

That resolution of this matter should turn initially upon what constitutes a "claim" in workers' compensation proceedings is not surprising. It was essentially this issue which divided the majority from the concurring opinion of Justice LEVIN in *Hlady* and the majority from Justice LEVIN's dissent in *Gose.* It is unfortunate that the question was not forthrightly addressed in *Hlady* and *Gose,* since the resulting confusion has generated the pluralities of *Pike, supra,* and *Riley v Northland Geriatric Center,* 431 Mich 632; 433 NW2d 787 (1988). Nevertheless, this question is not particularly difficult to resolve once it has been recognized.

Under the modern rule of res judicata, what constitutes a "claim" is determined by reference to the transaction or occurrence out of which the injury arose.[8] As explained in 1 Restatement Judgments, 2d, § 24(2), p 196:

> What factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight

[8] See n 7.

to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

The plaintiff's claim in this instance is for disability, or wage-loss compensation.[9] Thus, if the "transaction" out of which plaintiff's claim arose is his disability, it would follow that plaintiff's second claim arises out of a distinct transaction or occurrence. However, upon further reflection I do not believe that there are two "transactions" or claims in this instance.

As explained further in 1 Restatement Judgments, 2d, § 24, comment b, p 199:

In general, the expression connotes a natural grouping or common nucleus of operative facts. Among the factors relevant to a determination whether the facts are so woven together as to constitute a single claim are their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes. Though no single factor is determinative, the relevance of trial convenience makes it appropriate to ask how far the witnesses or proofs in the second action would tend to overlap the witnesses or proofs relevant to the first. If there is a substantial overlap, the second action should ordinarily be held precluded. But the opposite does not hold true; even when there is not a substantial overlap, the second action may be precluded if it stems from the same transaction or series.

Here, there is a substantial overlap of witnesses

[9] It should be noted that not all claims under the Workers' Disability Compensation Act are for wage-loss benefits. Medical and rehabilitation benefits, MCL 418.319; MSA 17.237(319), death benefits, MCL 418.321; MSA 17.237(321), and specific-loss benefits, MCL 418.361(2); MSA 17.237(361)(2), are also provided for under the act.

and other proofs. Indeed, it is in the nature of a petition for compensation based upon a change of condition that the most probative testimony will be that of experts who have examined the claimant both prior to and after the petition for a change of condition. This follows from the long-established rule that, although wage-loss compensation is paid for a limitation of "wage earning capacity,"[10] the only issue in a petition based upon a change of condition is the physical condition of the injured worker. See *Hood v Wyandotte Oil & Fat Co,* 272 Mich 190; 261 NW 295 (1935); *White v Michigan Consolidated Gas Co,* 352 Mich 201, 210; 89 NW2d 439 (1958) (*White II*). See also 3 Larson, Workmen's Compensation, § 81.00, p 15-528 (on a reopening for change of condition, no other issues may be relitigated, and the claimant's evidence must bear directly upon the comparison between his former and present disability).

There also can be little dispute that, if the initial appeal board had been allowed access to the testimony upon which plaintiff's second petition was based, the sum total would have been a more convenient package for resolution of the factual questions presented by both petitions.[11] The common factual issues underlying both petitions are predominant. The appeal board must, for instance, have an understanding of the nature of the injury, as well as the medical testimony presented at the initial hearing.

Naturally, there will not be a complete identity of factual issues underlying both petitions. The

[10] See, generally, comment, *Disability under the Michigan worker's compensation act,* 62 U Det L R 433 (1985).

[11] This is not to say that, in effect, requiring the appeal board to grant a petition for additional testimony on the basis of an alleged change of physical condition is the more efficient procedural method of addressing these questions. See part III.

underlying factual issues of entitlement[12] need not be revisited.[13] Similarly, when the issue is simply wage-loss compensation, factual issues surrounding medical, rehabilitation, and specific-loss benefits may be irrelevant.[14] However, it seems to me an inescapable conclusion that these petitions present a substantial overlap of witnesses and proofs and further that a petition based upon a change of condition arises out of the same transaction or occurrence as the original petition. I would therefore conclude that, under the general rule of res judicata, there is but one claim involved in both petitions. Thus, to my mind, the dispositive question involved in the appeal is whether Jessie Askew's second petition for compensation falls under any recognized exception to the doctrine of merger under the general rule of res judicata.

III

Among the recognized exceptions to the doctrine of merger are circumstances in which "it is the sense of the [statutory] scheme that the plaintiff should be permitted to split his claim . . . ." 1

---

[12] The Act requires an injured worker to establish four elements before an employer will be held liable for the worker's injuries. First, there must be a personal injury. Second, the injury must arise out of and in the course of employment. Third, the employer must have notice of the injury. Last, the employee must make a formal claim for compensation within the statutory period. [Comment, n 10 supra, p 436. Citations deleted.]

[13] While a plurality of the Court in Pike and Riley has abandoned the rule of res judicata in workers' compensation proceedings, the rule of collateral estoppel has not yet been abandoned. See, generally, 1 Restatement Judgments, 2d, § 27, p 250. Cf. Storey v Meijer, Inc, 431 Mich 368; 429 NW2d 169 (1988) (doctrine of collateral estoppel does not preclude relitigation of factual issues in circuit court when previously litigated in MESC hearings).

[14] See n 9.

Restatement Judgments, 2d, § 26(d), p 234. It is in this context that I would place the Michigan rule of res judicata regarding workers' compensation claims:

> "[A] compensation award is an adjudication as to the condition of the injured workman at the time it is entered, *and conclusive of all matters adjudicable at that time,* but it is not an adjudication as to the claimant's future condition and does not preclude subsequent awards or subsequent modifications of the original award upon a showing that the employee's physical condition has changed." [*Gose,* supra, pp 160-161. Citing with approval *Hlady v Wolverine Bolt Co, supra,* pp 375-376. Emphasis supplied in *Hlady.*]

I would emphasize that, under the practical analyses of *Hlady* and *Gose,* as well as the theoretical analysis of the Restatement of Judgments, 2d, the doctrine of res judicata *does* apply to workers' compensation proceedings, although it is subject to the long-established exception for a change of physical condition.

In my view, we must be constantly aware of and faithful to the legislative purpose in creating the workers' compensation remedy. In the context of a much earlier res judicata challenge to a change of condition, this Court explained:

> Obviously, plaintiff had no cause of action against his employer in the sense of the common law, or any amendment thereto, to split. Proceedings under the workmen's compensation act have nothing to do with common-law actions for damages for negligence on the part of the employer. Its enactment marked the crystallization into a legislative enactment of the economic fact that the ultimate consumer pays for the compensation of injured employees in the increased cost of the

product. It aims at compensation, not damages. It is wholly substitutional in character and displaces the common-law liability for negligence. It should be administered substantially as insurance of a social character. Claimant had no action in law or in equity against his employer. Proceedings under the workmen's compensation act are purely statutory,—administrative, not judicial,—inquisitorial, not contentious,—disposed of, not by litigation and ultimate judgment, but summarily. Most of the difficulties now encountered in the administration of the workmen's compensation act arise from injudicious attempts, sometimes acquiesced in, to engraft upon the workmen's compensation act common-law theories at variance with its spirit and intent. [*Hebert v Ford Motor Co,* 285 Mich 607, 609-610; 281 NW 374 (1938).]

While we must be faithful to legislative purpose and attentive to the statutory scheme underlying workers' compensation, we must also be aware that the Legislature does not work in a vacuum. The Legislature is presumed to be aware of the existing decisions of the Court, *People v Cash,* 419 Mich 230, 241; 351 NW2d 822 (1984), *Michigan Gas Storage Co v Gregory,* 341 Mich 34, 37; 67 NW2d 219 (1954), and matters of procedure fall uniquely within the traditional power and expertise of the judicial branch. See, e.g., *St John v Nichols,* 331 Mich 148, 158; 49 NW2d 113 (1951). Thus, in fleshing out the skeletal procedures set forth in chapter 8 of the Workers' Disability Compensation Act, MCL 418.801 *et seq.;* MSA 17.237(801) *et seq.,* we must also give careful consideration to the long-established, slowly cured, procedural doctrines of the common law. In the language of the *Hebert* Court, it is "injudicious attempts . . . to engraft upon the workmen's compensation act common-law theories at variance with its spirit and intent" which we must avoid—

not all attempts to rely upon common-law procedural rules.

Here we are asked to decide whether the plaintiff's petition based on a change of physical condition resulting in a continuing disability is precluded even though the change of condition occurred after the decision of the referee. It is argued by the defendant that the doctrine of merger precludes this petition, even though the issues it raised could not have been raised before the hearing referee because the plaintiff might have raised these issues during her subsequent administrative appeal. If the plaintiff could have presented this claim, I might agree that plaintiff's claim would be barred under the rule of res judicata as set forth in *Hlady* and *Gose.* Upon examination of the statute, however, I am entirely unconvinced that plaintiff either could have or should have raised these issues before the appeal board.

As discussed in the majority opinion, the appeal board formerly had statutory authority to allow the taking of "such additional evidence as it in its discretion may allow . . . ." MCL 418.859; MSA 17.237(859). This controlling statutory language has been modified by 1985 PA 103, which provides that "[t]he board may hear the parties, together with such additional evidence as it may allow . . . ." MCL 418.859; MSA 17.237(859). The majority opinion focuses only upon the language of MCL 418.861a(12); MSA 17.237(861a)(12), which applies not to the appeal board, but to its successor, the appellate commission. Under the circumstances, I find it neither necessary nor instructive to speculate as to the scope of the appellate commission's authority in taking additional testimony. I believe that it is sufficient to note that the Legislature itself has considered the discretionary nature of the appeal board's authority. Naturally,

I would assume that the Legislature was aware when enacting 1985 PA 103, as well as when enacting the language at issue, what meaning this Court has attached to the word "discretion." *Cash, Michigan Gas Storage Co, supra.* See also *Spalding v Spalding,* 355 Mich 382; 94 NW2d 810 (1959).

I agree with the majority that the discretionary nature of the appeal board's authority over petitions for additional testimony practically limits the ability of any party to present new issues during an appeal. We should consider the exceedingly narrow scope of review of the denial of a petition for additional testimony when deciding whether parties can and therefore *must* present these issues before the appeal board.

In deciding whether the plaintiff's claim should be precluded by the doctrine of merger, we must also consider the present controversy in our Court of Appeals over the scope of review accorded the appeal board. Cf. *Kingery v Ford Motor Co,* 116 Mich App 606, 614; 323 NW2d 318 (1982) (review de novo does not permit the raising of a new issue which was not presented earlier), with *Roberts v Marquette General Hosp,* 127 Mich App 301, 304; 338 NW2d 393 (1983) (it is within the appeal board's de novo review authority to consider issues not previously raised). Moreover, we must consider the powerful disincentive to delaying these claims presented in the one-year back rule of § 833, MCL 418.833(1); MSA 17.237(833)(1).[15] We must consider the general but well-recognized thesis that work-

[15] Section 833(1) provides:

 If payment of compensation is made, other than medical expenses, and an application for further compensation is later filed with the bureau, no compensation shall be ordered for any period which is more than 1 year prior to the date of filing of such application.

ers' compensation proceedings are intended to be summary administrative proceedings rather than contentious litigation. *Hebert, supra.*

Finally, in deciding whether the doctrine of merger precludes plaintiff's second petition, we must consider our own prior decisions in this area. In fact, the identical issue presented in this case was previously considered and resolved in *White v Michigan Consolidated Gas Co, supra, (White II).*

In *White v Michigan Consolidated Gas Co,* 342 Mich 160; 69 NW2d 160 (1955) (*White I*), a unanimous Court held that the plaintiff was entitled to a closed period of compensation from May 21, 1951, until November 7, 1952. The case was remanded for entry of an order consistent with the Supreme Court's opinion. On June 9, 1955, three months after this Court's decision, the same plaintiff filed a new petition alleging a change of condition dated November 7, 1952. As in the instant case, the date of the change of condition alleged by White coincided with the expiration of the closed period previously adjudicated. As in the instant case, the change of condition alleged actually preceded the date of the appellate commission's initial decision.[16]

The appellate commission nonetheless ordered continuing compensation from the date of the change of condition. This Court affirmed in *White II,* explaining:

> We deal in this case with an instance of temporary total disability. In such a situation, the device employed by the appeal board in ordering payment of compensation until further order of the board, we have many times approved. *Hovey v General Construction Co,* 233 Mich 531 [207 NW 852

[16] The appellate commission was the statutory predecessor of the current Workers' Compensation Appeal Board.

(1926)]; *Warner v Michigan Electric Railway Co,*
248 Mich 60 [226 NW 887 (1929)]; *Pretzer v State
Psychopathic Hospital,* 286 Mich 454 [282 NW 213
(1938)]; *Lynch v Briggs Mfg Co,* 329 Mich 168 [45
NW2d 20 (1950)].

Such an order does not finally determine rights
to compensation. A petition to stop, to decrease or
to increase compensation is always permissible in
order to show circumstances concerning a claim-
ant's physical condition which have changed from
the last date of hearing. *Hood v Wyandotte Oil &
Fat Co, supra; Catino v Morgan & Wright Co,* 272
Mich 154 [261 NW 281 (1935)]; *Goines v Kelsey
Hayes Wheel Co,* 294 Mich 156 [292 NW 686
(1940)]. Indeed, in view of plaintiff's age and the
nature of the injury, it is to be hoped that time or
further medical treatment will occasion still fur-
ther consideration of this case.

We believe that what has been said serves to
answer appellant's contention that the previous
order of this Court in *White v Michigan Consoli-
dated Gas Co, supra,* was res judicata as to com-
pensation claimed between the dates of November
7, 1952 (the previous referee's hearing date) and
June 4, 1954 (the previous appeal board order
date). [*White II,* 352 Mich 210-211.]

Indistinguishable facts were also presented in *Mor-
gan v Freedman Artcraft,* 401 Mich 54; 257 NW2d
85 (1977), in which a unanimous Court, following
*White II,* held that res judicata did not preclude a
subsequent petition.

The subsequent treatment of *White II,* casts
some doubt upon other aspects of the opinion,
although in my view its specific ruling on res
judicata remains intact. See, e.g., *Sanford v Ryer-
son & Haynes, Inc,* 396 Mich 630, 637; 242 NW2d
393 (1976) (rejecting *White II*'s use of a "compe-
tent" evidence standard of review over administra-
tive fact finding). Perhaps the most problematic
treatment of *White II* was in *Gose,* where the
majority explained:

"While the doctrine of res judicata does apply to
workmen's compensation cases (*Willis v Michigan
Standard Alloy Casting,* 367 Mich 140 [116 NW2d
222 (1962)]), in Michigan it has been limited to
issues that were actually litigated as a matter of
fact. *Hebert v Ford Motor Co,* 285 Mich 607 [281
NW 374 (1938)]; *White v Michigan Consolidated
Gas Co,* 352 Mich 201 [89 NW2d 439 (1958)]."

A close reading of both *Hebert* and *White* shows
that neither opinion delineated a rule unique to
workers' compensation proceedings; they merely
recited a narrow application of the rule, as op-
posed to a broad version, discussed *infra.* More-
over, in each case, res judicata was inapplicable:
two separate injuries involving two separate trans-
actions were at issue in *Hebert,* and in *White* a
final determination on the merits had not been
made in the first proceeding. [*Gose, supra,* p 159, n
1. Quoting with approval *Stokes v Lakey Foundry
Corp,* 20 Mich App 217, 219; 173 NW2d 832
(1969).]

In fact, as can be seen in a close reading of *White
I* and *White II,* there was a "final" decision, al-
though the matter was remanded by this Court for
entry of the order of the appellate commission.
Thus, *White II,* actually involved a new petition, a
collateral attack on the prior adjudication.

Furthermore, although the *Gose* majority
adopted a broad rule of res judicata, the narrow
rule set forth in *White II* was merely an alterna-
tive basis for its holding. Thus, in *White II,* it was
further explained:

Obviously, in the period between the referee's
hearing and appeal board decision, the crucial
facts pertaining to disability could change to the
advantage of either party without any adjudication
upon such change. This was recognized in the
order of the appeal board, ending "until the fur-
ther order of the workmen's compensation depart-
ment." [*Id.,* p 211.]

Indeed, in my view, it is this reasoning, and not a narrow rule of res judicata, which explains the *White II* holding, since the question of plaintiff's continuing disability was *actually* litigated in the prior proceeding.

The reasoning of this Court in *White II* is fully consistent with the exception to the doctrine of merger set forth in 1 Restatement Judgments, 2d, § 26(d). Moreover, I believe that *White II* is indistinguishable from the instant case. Given the nature of this statutory scheme, it is simply unreasonable to suggest either that plaintiff could have or should have presented her petition on the basis of a change of condition to the appeal board in the first appeal under penalty of forfeiture. Indeed, as the majority has pointed out, there is little sense in burdening the appeal board at this late date with an avalanche of protective petitions. The irony of doing so in furtherance of a rule of judicial economy is inescapable.[17]

It is for these reasons, lying within general res judicata doctrine and sound public policy, that I concur in the holding of the majority. The decision of the Court of Appeals should be reversed and the award of the appeal board should be reinstated.

CAVANAGH, J., concurred with BOYLE, J.

---

[17] As explained by one commentator, the finality of res judicata is intended to promote judicial economy:

A good place to start critical analysis of the whole matter is with the question: why should not a party be *compelled* to join all the claims which it *may* join? Surely something is to be gained from wiping a slate clean, and it has been urged that the law should require this result when parties invoke its processes to settle some of their disputes. Wherever there will be a large overlap of issues or evidence if two trials are held, it is wasteful to society and harassing to the adversary to have more than one, and there should be no more than one unless there is some very good reason. [James & Hazard, Civil Procedure (3d ed), § 11.8, pp 599-600. Emphasis in the original.]

Riley, C.J. (*concurring*). I agree with the majority that res judicata does not preclude Jessie Askew from relitigating her changed physical condition. The majority correctly holds that Jessie Askew's second petition for wage-loss benefits, which arose out of a changed physical condition, constituted a separate claim. However, I write separately because, although I agree with the majority's policy considerations supporting the conclusion that res judicata does not bar relitigation of a change to a claimant's physical condition,[1] I disagree with the majority's holding that "[n]either general res judicata doctrine nor policy requires one result in preference to the other." *Ante,* pp 720-721. In my opinion, reliance upon res judicata alone would not preclude Jessie Askew from relitigating her changed physical condition. Thus, unlike the majority, I find it unnecessary to resort to public policy as a basis for resolving this case.

Therefore, I agree with the majority that a claimant may relitigate a changed physical condition which occurred after the hearing referee's initial award, but before the decision of the Workers' Compensation Appeal Board. Accordingly, I would reverse the decision of the Court of Appeals and reinstate the decision of the WCAB.

---

[1] However, I find it unnecessary and speculative to discuss the scope of review and authority the Legislature has given to the newly created appellate board under MCL 418.859; MSA 17.237(859).